JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-2354 FMO (SPx) | Date | December 20, 2023 |
|---|---|---|---|
| Title | Br'Jaun Clinton v. Federal Express Corporation, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):     Attorney Present for Defendant(s):
None Present                            None Present

**Proceedings:**   (In Chambers) Order Remanding Action

    On October 11, 2023, Br'Jaun Clinton ("plaintiff") filed a Complaint in the San Bernardino County Superior Court against Federal Express Corporation ("Federal Express" or "defendant"), Steven Doe ("Steven") and Rebecca Doe ("Rebecca"), asserting claims for violations of the California Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code §§ 12940, et seq., wrongful termination in violation of California public policy, and declaratory judgment.  (Dkt. 1, Notice of Removal [ ] ("NOR") at ¶ 2); (Dkt. 1-1, Exh. 1, Complaint).  On November 17, 2023, Federal Express removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441.  (Dkt. 1, NOR at ¶ 1).  Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

    In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1]  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.");

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-2354 FMO (SPx) | Date | December 20, 2023 |
|---|---|---|---|
| Title | Br'Jaun Clinton v. Federal Express Corporation, et al. | | |

Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000.  See 28 U.S.C. § 1332(a).[2]  Here, there is no basis for diversity jurisdiction because complete diversity does not exist between the opposing parties.

Plaintiff appears to be a citizen of California, (see Dkt. 1, NOR at ¶ 16), whereas Federal Express is a citizen of Delaware and Tennessee.  (Id. at ¶ 15).  However, Steven and Rebecca appear to be citizens of California.  (See Dkt. 1-1, Exh. 1, Complaint at ¶¶ 7-8).  Federal Express asserts simply that they may be disregarded given their "Doe" status.  (See Dkt. 1, NOR at ¶ 17).

A court should not generally consider the citizenship of fictitious defendants in assessing complete diversity for removal purposes.  See 28 U.S.C. § 1441(b)(1).  However, "when a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as a company's agent, the court should consider the citizenship of the fictitious defendant."  Brown v. TranSouth Fin. Corp., 897 F.Supp. 1398, 1401 (M.D. Ala. 1995) (emphasis added); Collins v. Garfield Beach CVS, LLC, 2017 WL 2734708, *2 (C.D. Cal. 2017) (same) (internal quotation marks omitted).  When a defendant "knew or should have known of the fictitious defendant's identity, because [that person] was employed by [defendant]" in the events giving rise to the suit, and that individual is not diverse from the plaintiff, removal jurisdiction should be declined.  See Brown, 897 F.Supp. at 1401-02; Collins, 2017 WL 2734708, at *2.  This is because "[i]t would be unfair to force . . . plaintiffs from their state court forum into federal court by allowing [a defendant] to plead ignorance about the defendant-employee's identity and citizenship when [a defendant] was in a position to know that information."  Brown, 897 F.Supp. at 1401-02; Collins, 2017 WL 2734708, at *2.

Here, plaintiff's Complaint gives a "definite clue about the identity" of Steven and Rebecca.  See Brown, 897 F.Supp. at 1401.  The Complaint alleges that Steven and Rebecca are "supervisory or managerial employee[s] of Defendant[]" who reside "in the County of San Bernardino[.]"  (See Dkt. 1-1, Exh. 1, Complaint at ¶¶ 7-8).  The Complaint further alleges that Steven and Rebecca engaged in the conduct giving rise to the suit, including making "derogatory

---

[2] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]"  28 U.S.C. §§ 1332(a)(1)-(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 23-2354 FMO (SPx) | Date | **December 20, 2023** |
|---|---|---|---|
| Title | **Br'Jaun Clinton v. Federal Express Corporation, et al.** | | |

statements, demeaning comments, and belittling remarks[,]" and that plaintiff reported such conduct to her direct supervisor and hiring manager. (See id. at ¶¶ 56-58). Given such allegations, Federal Express knew or should know the identity of Steven and Rebecca because they were employed by defendant at the same location as plaintiff. See Brown, 897 F.Supp. at 1401. Under the circumstances, it "would be unfair to force . . . plaintiff[] from [his] state court forum into federal court by allowing [defendant] to plead ignorance about the defendant-employee's identity and citizenship when [defendant] was in a position to know that information." Id. at 1401-02; Marshall v. CSX Transp. Co., Inc., 916 F.Supp. 1150, 1152 (M.D. Ala. 1995); Sandoval v. Republic Servs., Inc., 2018 WL 1989528, *3-4 (C.D. Cal. 2018) (noting that "[n]umerous other courts – including one in this district – have permitted consideration of a fictitious defendant who is specifically described" and remanding action where complaint described the Doe defendant as a "fellow employee . . . and a member of her department at the company's office in California"). Accordingly, the matter shall be remanded for lack of subject matter jurisdiction.

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has established that complete diversity exists. "Where doubt regarding the right to removal exists, a case should be remanded to state court." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1118 (9th Cir. 2004) (internal quotation marks omitted).

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of San Bernardino, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Initials of Preparer        vdr